

# NUMBER 13-11-00077-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**NOE GARZA AND NOE GARZA ENGINEERING, INC.,**      **Appellants,**

**v.**

**JOE CARMONA AND CELINA CARMONA,**      **Appellees.**

**On appeal from the 444th District Court
of Cameron County, Texas.**

_____

# OPINION

**Before Justices Rodriguez, Vela, and Perkes
Opinion by Justice Perkes**

Appellants, Noe Garza and Noe Garza Engineering, Inc. (collectively "Garza Engineering"), appeal from the denial of their motion to dismiss the lawsuit that appellees, Joe and Celina Carmona (collectively "Carmonas"), filed against them. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011) (authorizing immediate interlocutory

appeal from an order denying a motion to dismiss under section 150.002). By three issues on appeal, Garza Engineering argues the certificate of merit the Carmonas filed with their lawsuit did not satisfy the requirements of Texas Civil Practice and Remedies Code section 150.002 because the affidavit did not: (1) address each theory of recovery for which damages were sought; (2) provide the factual basis for each theory of recovery; or (3) identify any applicable standard of care which Garza Engineering allegedly breached. *See id.* § 150.002(b). We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The pleadings show the following background facts. The Carmonas owned real property in San Benito, Texas, which they sought to develop into a residential subdivision. The Carmonas hired Garza Engineering to design and supervise the development. They hired Modesto Hernandez as the construction contractor to perform construction work under Garza Engineering's supervision.[1] The Carmonas filed this lawsuit, alleging deficiencies in Garza Engineering and Hernandez's performance on the project.

In their original petition, the Carmonas alleged five theories of recovery against Garza Engineering: (1) negligence; (2) violations of the Texas Deceptive Trade Practices Act[2] ("DTPA"); (3) common-law fraud; (4) negligent misrepresentation; and (5) breach of contract. Regarding their negligence theory of recovery, the Carmonas pleaded Garza Engineering did not properly design the subdivision, failed to make proper design plans, and failed to adequately supervise construction and correct construction defects as they arose. The Carmonas stressed in their petition that "the most serious failure of Noe Garza

---

[1] Modesto Hernandez d/b/a Hi-Low Sales d/b/a Hi-Low Homes d/b/a Hernandez Construction is not a party to this appeal.

[2] *See* TEX. BUS. & COM. CODE ANN. §§ 17.41–.63 (West 2011) (the Deceptive Trade Practices-Consumer Protection Act).

Engineering, Inc. was in its neglect and failure to oversee and supervise construction." The Carmonas pleaded that Garza Engineering negligently failed in their "watchdog role," and as a result, Hernandez installed a water line to the subdivision that failed the city water district's pressure test and failed to elevate the lots so that they would drain into the street as per the design plans and city requirements. The Carmonas pleaded that the latter presented a "major flooding hazard."

Under the DTPA, the Carmonas generally pleaded, without application of facts, that Garza Engineering engaged in "an unconscionable action or course of action," "caused confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services," and breached implied warranties of merchantability, fitness for a particular purpose, and good and workmanlike performance. In a similarly broad fashion, the Carmonas generally pleaded their common-law fraud, negligent misrepresentation, and breach-of-contract claims against Garza Engineering.

With their original petition, the Carmonas filed the affidavit of Michael Myers, a licensed professional engineer. The Carmonas state in their petition that "Myers identifies the areas where [Garza Engineering] were negligent in their duty to oversee the development of Carmona Subdivision." They make no other reference to any other claim with respect to Myers's affidavit. After setting forth his qualifications, Myers stated:

> On February 4, 2010 I examined the subdivision plat construction documents conducted by Noe Garza Engineering, Inc. for Joe and Celina Carmona, for the property described as:
>
> Carmona Subdivision, located off Shafer Road, between Oscar Williams and FM 509 in San Benito, Texas.
>
> After reviewing the construction drawings and the other documents concerning the project provided by the Subdivision owner Joe Carmona, I discovered the following deficiencies from the reviewed documents.

3

1.	The engineer provided no Contractual documents for the contractor and owner to sign to clarify the requirements for the contractor for the project.

Specifically:

    a. No agreement for Contractor and owner to sign

    b. No formal proposal of scope of work

    c. No specified duration for time of completion

    d. No liquidated damages from failure to perform

    e. No payment bond

    f.  No performance bond

    g. No insurance requirements

    h. No General or Special conditions to specify terms and conditions for executing the project

    i.  No Technical specifications to specify the specific details for the execution of the work by the contractor

2.	The construction drawings for the subdivision omitted the following items:

    a. No standard details for water line construction

    b. No standard details for storm drainage construction

    c. No detailed drainage plan for total subdivision drainage

    d. No standard details for street construction

    e. No details for the proposed street profile and compaction requirements

    f.  No Elevation Bench Mark information for contractor reference.

As engineers it is our professional responsibility and duty to protect the interests of our clients and the public in the development of civil works such as the above mentioned Subdivision Works.  In failing to provide these crucial elements to the documentation of this project, Mr. Garza did not

provide an acceptable design project plan for the owner, the City of San Benito and the Public. These deficiencies caused many extra delays and additional costs to the owner to bring additional resources to complete this project.

Garza Engineering moved to dismiss the Carmonas' lawsuit against them, alleging Myers's affidavit was insufficient to satisfy the certificate-of-merit requirements found in Texas Civil Practice and Remedies Code section 150.002. *See id.* § 150.002. After a hearing, the trial court denied Garza Engineering's motion to dismiss. This accelerated appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's denial of a motion to dismiss filed pursuant to Texas Civil Practice and Remedies Code section 150.002 for an abuse of discretion. *WCM Group, Inc. v. Brown*, 305 S.W.3d 222, 229 (Tex. App.—Corpus Christi 2009, pet. dism'd); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex.2002). Although a reviewing court may not substitute its judgment for that of the trial court, the trial court has no discretion in determining what the law is or applying the law to the facts. *See id.*; *Sanjar v. Turner*, 252 S.W.3d 460, 463 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

We review questions of statutory construction de novo. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)). In construing statutes, our primary objective is to give effect to the Legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). We rely on the plain meaning

5

of the text as expressing legislative intent, unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Id.* We presume the Legislature selected the language in a statute with care and that every word or phrase was used with a purpose in mind. *Id.* When the language of a statute is clear and unambiguous, Texas courts do not resort to rules of construction or extrinsic aids to construe the language. *Id.* at 640 (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008)).

### III. ANALYSIS

The parties agree that the "certificate of merit" requirement applies in this case because the Carmonas' lawsuit arises from professional engineering services provided by Garza Engineering. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). The purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit. *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 400 (Tex. App.—Beaumont 2008, no pet.); *see also Durivage v. La Alhambra Condo. Ass'n*, No. 13–11–00324–CV, 2011 WL 6747384, at *3 (Tex. App.—Corpus Christi Dec. 21, 2011, pet. filed) (mem. op.).

By their first issue, Garza Engineering argues the trial court abused its discretion by denying their motion to dismiss because Myers's affidavit did not address each theory of recovery that the Carmonas alleged against Garza Engineering. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). Relying on case law that applied an earlier version of section 150.002, enacted in 2005, the Carmonas respond that neither the plain language of the statute nor "recent case law" requires that the certificate of merit address non-

6

negligence claims.[3]  We disagree and conclude that Myers's affidavit failed to adequately address any of the Carmonas' theories of recovery.

Because this lawsuit was filed in March 2010, the amended version of section 150.002, enacted in 2009, applies to this case.  *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992 (enabling legislation for the 2009 version of section 150.002 which sets forth that the 2009 version applies to an action filed or commenced after September 1, 2009).[4]  In relevant part, the statute provides that the Carmonas were required to file an affidavit from a licensed professional engineer addressing each theory of recovery or have their complaint dismissed:

> (b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim . . . .
> . . . .
>
> (e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant.  This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b), (e).  The plain language of the statute requires that the affidavit set forth for each theory of recovery the negligence "or other action, error, or omission" of the professional in providing the professional service at issue.  *See id.* § 150.002(b); *Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex. App.—Beaumont 2011,

---

[3]  In support of their position, the Carmonas rely primarily on *Gomez v. STFG, Inc.*, a case from the Fourth Court of Appeals.  No. 04-07-00223-CV, 2007 WL 2846419, at *2–3 (Tex. App.—San Antonio Oct. 3, 2007, no pet.) (mem. op.).  In *Gomez,* however, the appellate court was not considering the statutory language applicable to this case.  *Id.* at *2.  Rather, *Gomez* concerns Texas Civil Practice and Remedies Code section 150.002, as amended in 2005.  *See id.*

[4]  Unless otherwise noted, all citations to Texas Civil Practice and Remedies Code section 150.002 are to the version of the statute as enacted in 2009.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011).

no pet.); *see also Pro Plus, Inc. v. Crosstex Energy Services, L.P.*, No. 01-11-00025-CV, 2012 WL 404500, at *16–17 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, no pet.) (explaining that the version of the statute enacted in 2009 requires the certificate of merit to provide a factual basis for each theory of recovery for which damages are sought, not just negligence); *see also Durivage*, 2011 WL 6747384, at *4 (same).

In *Nangia v. Taylor*, the Ninth Court of Appeals addressed a licensed professional engineer's claim that a certificate of merit failed to specifically address a DTPA claim filed against him. *Nangia*, 338 S.W.3d at 772–73. The court of appeals concluded that the language of section 150.002 requires that the affidavit specifically address a DTPA claim, separately from a negligence claim. *Id.* at 772. The court analyzed the language of the affidavit filed in that case, and the affidavit distinctly identified conduct that formed the basis of an alleged DTPA claim and conduct that formed the basis of an alleged negligence claim. *Id.* at 773. Accordingly, the court concluded the certificate satisfied the section 150.002 requirement that the affidavit specifically address each theory of recovery. *Id.*

More recently, in *Durivage*, this Court addressed whether a certificate of merit set forth the factual basis "for each theory of recovery" a plaintiff alleged against a professional engineer. *See Durivage*, 2011 WL 6747384, at *4 (applying TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b)). The plaintiff, La Alhambra Condominium Association, sued the engineer, Durivage, alleging negligence, gross negligence and breach of contract in connection with a roof that he inspected and certified. *Id.* at *1. This Court concluded that La Alhambra's certificate of merit adequately set forth the factual basis of its negligence claim because the affiant explained he was familiar with the applicable standard of care

8

and set forth how Durivage allegedly breached it. *Id.* at *3. However, this Court further concluded La Alhambra failed to set forth any factual basis for its gross negligence and breach-of-contract claims. *Id.* at *4.

Rather than dismissing the entire complaint and remanding the whole case to the trial court for a prejudice determination, this Court reversed the portion of the trial court's judgment denying Durivage's motion to dismiss La Alhambra's gross negligence and breach-of-contract claims. This Court remanded the case to the trial court for a determination of whether the dismissal of those two claims would be with or without prejudice. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) ("The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.")). Unlike La Alhambra, however, which adequately set forth the factual basis of its negligence claim, the Carmonas failed to set forth specifically the negligence, if any, or any other action, error or omission that supports their alleged claims for relief. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b).

A certificate-of-merit affidavit specifically sets forth alleged negligence when it specifically identifies the actions, errors, and/or omissions that in the affiant's opinion deviated from the applicable standard of care and caused the harm for which the plaintiff seeks damages. *See Criterium-Farrell Eng'rs*, 248 S.W.3d at 400; *see also Elness Swenson Graham Architects, Inc. v. RLJ II–C Austin Air, LP*, No. 03–10–00805–CV, 2011 WL 1562891, at *5 (Tex. App.—Austin Apr. 20, 2011, pet. denied) (mem. op.) (applying section 150.002(b)). Here, the crux of the Carmonas' negligence claim was that Garza Engineering failed to adequately supervise Hernandez's work and to correct his errors as

9

they arose and that Garza Engineering's acts and omissions proximately caused financial harm and delay. However, Myers's affidavit does not address, and is wholly silent on, the question of whether Garza Engineering negligently supervised and failed to correct Hernandez's work.

Myers's affidavit consists of three sections: (Part 1) explaining there were no written contractual documents between the Carmonas and Garza Engineering to "clarify the requirements for" the contractor for the subdivision project; (Part 2) listing items allegedly omitted from the construction drawings; and (Part 3) stating Garza Engineering failed to "provide an acceptable design project plan for the owner," thereby causing delays and increased cost. Nowhere in Myers's affidavit does he specifically identify any actions, errors, and/or omissions that in Myers's opinion deviated from an applicable negligence standard of care in this case and that caused the harm for which the Carmonas seek damages. *See Criterium-Farrell Eng'rs*, 248 S.W.3d at 400 (holding that, with respect to a negligence claim, "the certificate of merit must necessarily address the applicable standard of care and the defendant's failure to meet the standard" even if it does not expressly set forth in detail the applicable standard of care); *see also Elness Swenson Graham Architects, Inc.*, 2011 WL 1562891, at *5. We conclude the Carmonas' certificate of merit failed to address their negligence claim in accordance with the requirements of section 150.002(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b).

With respect to the Carmonas' other theories of recovery, Myers's affidavit does not identify or otherwise specifically set forth any actions, errors, or omissions by Garza Engineering in providing their professional services. *See id.* Under the DTPA, the Carmonas pleaded Garza Engineering engaged in "an unconscionable action or course of

10

action," "caused confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services," and breached implied warranties of merchantability, fitness for a particular purpose, and good and workmanlike performance. However, Myers's affidavit does not mention or in any way discuss the Carmonas' DTPA theory of recovery. *See Nangia*, 338 S.W.3d at 772–73 (addressing the adequacy of certificate-of-merit affidavit to address a DTPA claim brought against an engineer); *see also, e.g.,* TEX. BUS. & COM. CODE ANN. § 17.46(b)(2) (West 2011) (providing it is a deceptive trade practice to cause "confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services"); § 17.50(a)(3) (setting forth a DTPA action for any unconscionable course of action by any person that is a producing cause of certain damages); *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 677 (Tex. 1998) ("To prove an unconscionable course of action, a plaintiff must show that the defendant's acts took advantage of her lack of knowledge" and 'that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated.'"). Specifically, while the Carmonas pleaded breach of implied warranties under the DTPA, no such conduct is set forth in Myers's affidavit. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(2) (providing a DTPA cause of action for breach of an implied warranty); *Johnston v. McKinney Am., Inc.*, 953 S.W. 3d 271, 282 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("Generally, to recover under the DTPA on a breach of a warranty, the plaintiff must show (1) he is a consumer, (2) existence of the warranty, (3) breach of the warranty, and (4) the breach was a producing cause of damages"); *see also, e.g., Evans v. J. Stiles, Inc.*, 689 S.W.2d 399, 399–400 (Tex. 1985) (explaining the implied warranty of good and workmanlike performance applies when a defendant builds residential property which the plaintiff purchased, and the

11

construction was not completed in a good and workmanlike manner, injuring the plaintiff); *Johnston,* 953 S.W.3d at 283 (recognizing common law implied a warranty of merchantability to a lease of goods that warranted goods would be free from defect and suitable for their ordinary intended purpose).

Likewise, Myers's affidavit does not identify or otherwise discuss the Carmonas' claims for common-law fraud, negligent misrepresentation, or breach of contract. *See e.g., Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011) ("The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury."); *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (identifying the elements of negligent misrepresentation as follows: (1) a defendant provided information in the course of his business, or in a transaction in which he had a pecuniary interest; (2) the information supplied was false; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the information; and (5) the plaintiff suffered damages proximately caused by the reliance); *Sauceda v. GMAC Mortgage Corp.,* 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.) ("The elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.").

In summary, the trial court abused its discretion by denying Garza Engineering's motion to dismiss because the Carmonas failed to file an affidavit in accordance with section 150.002(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). Subsection (e) therefore requires "dismissal of the complaint against the defendant[s]." *See id.* § 150.002(e). We sustain Garza Engineering's first issue on appeal. In light of our disposition of this issue, it is not necessary for us to reach issues two and three. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the trial court's order denying Garza Engineering's motion to dismiss and remand this case to the trial court to determine whether the dismissal should be with or without prejudice to refiling. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e); TEX. R. APP. P. 43.2(d); *see also Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752–53 (Tex. App.—Houston [14th Dist.] 2010, no pet) (remanding case for a prejudice determination).

GREGORY T. PERKES
Justice

Delivered and filed the
5th day of April, 2012.

13