ACCEPTED
01-14-01000-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/8/2015 3:36:08 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01000-CV

In The

COURT OF APPEALS

FIRST DISTRICT OF TEXAS

Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/8/2015 3:36:08 PM

CHRISTOPHER A. PRINE
Clerk

TOBY PAUL COUCHMAN AND PRO-SURV,

Appellants,

vs.

ELIZABETH CARDONA,

Appellee

On Appeal from Case No. 2014-29414
In the 189th District Court of Harris County, Texas
Honorable William R. Burke, Presiding Judge

APPELLEE'S BRIEF

Robert L. Collins
Texas Bar No. 04618100
Audrey E. Guthrie
Texas Bar. No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
HoustonLaw2@aol.com

Christopher D. Lewis
Texas Bar No. 24032546
1721 West TC Jester Blvd.
Houston, Texas 77008
Lewis@TexLaw.info

**ATTORNEYS FOR APPELLEE,
ELIZABETH CARDONA**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS .................................................................................. *i*

TABLE OF AUTHORITIES ......................................................................... *iii*

STATEMENT OF THE CASE .......................................................................1

STATEMENT REGARDING ORAL ARGUMENT ......................................2

ISSUES PRESENTED ...................................................................................2

1. Whether Appellants, without appealing or otherwise challenging the dismissal in the previously filed case, may attack that dismissal in the currently filed case.

2. Whether a court is required to dismiss Tex. Civ. Prac. & Rem. Code §150 claims with prejudice despite statutory language specifically authorizing a choice between dismissals with and without prejudice.

3. Whether the trial court properly held Plaintiffs' affidavit met the requirements of Tex. Civ. Prac. & Rem. Code §150.

4. Whether breach of contract claims are required to comply with the requirements of Tex. Civ. Prac. & Rem. Code §150 despite not being based on professional conduct as required by Tex. Civ. Prac. & Rem Code §150.

STATEMENT OF FACTS ...............................................................................3

SUMMARY OF THE ARGUMENT .................................................................4

ARGUMENT AND AUTHORITIES ...............................................................5

A. Appellants are indirectly challenging the dismissal in a different and prior case and stating it should have been made with prejudice. However, Appellants did not appeal or

otherwise challenge the dismissal of that prior case without prejudice and do not have a legal basis for attacking the dismissal of a prior case in the currently filed case ...........................5

B.    Tex. Civ. Prac. & Rem. Code §150.002(e) specifically grants trial courts the discretion to choose between dismissal with or without prejudice. Due to this, an interpretation that §150.002(e) requires dismissal with prejudice is erroneous and renders statutory language superfluous ................................................6

C.    The trial court properly held Plaintiffs' affidavit met the requirements of Tex. Civ. Prac. & Rem. Code §150. Breach of contract claims are not required to comply with the requirements of §150.......................................................................9

CONCLUSION AND PRAYER ........................................................ 13

CERTIFICATE OF COMPLIANCE ................................................ 14

CERTIFICATE OF SERVICE ........................................................ 15

# TABLE OF AUTHORITIES

**Cases**            **Page**

*Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 2014 Tex. App. LEXIS 9493 (Tex. App. San Antonio Aug. 27, 2014) ........................................... 8

*Bruington Eng'g, L.T.D. v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523 (Tex. App. San Antonio 2013)................................................................. 8

*City of San Antonio v. City of Boerne*, 111 S.W.3d 22 (Tex. 2003).................................................................................................7

*Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395 (Tex. App. – Beaumont 2008, no pet.) ..............................................................................................8

*Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785 (Tex. App.-Houston [14th Dist.] 2013, no pet.)...................................................9

*Garza v. Carmona.*, 390 S.W.3d 391 (Tex.App.–Corpus Christi 2002) ...............................................................9

*Howe-Baker Eng'rs, Ltd. v. Enter. Prods. Operating, LLC*, 2011 WL 1660715 (Tex.App.-Houston [1st Dist.] Apr. 29, 2011, no pet.)....................................................................................................9

*Medina v. Hatch Assocs. Consultants, Inc.*, 2014 Tex. App. LEXIS 3044 (Tex.App.–Corpus Christi March 20, 2014)...........................................9

*Siemens Energy, Inc. v. Nat'l Union Fire Ins. Co*, 2014 Tex. App. LEXIS 5923, (Tex.App.–Houston [14th Dist.] June 3, 2014) .......................... 10, 12

*Spence v. Fenchler*, 180 S.W. 597 (Tex. 1915) ..................................................7

*TDIndustries Inc. v. Rivera*, 339 S.W.3d 749 (Tex.App.–Houston [1st Dist.] 2011) ...........................................................12

**Statutes**

Tex. Civ. Prac. Rem. Code §150.002 .......................................... *i, ii*, 1-10, 12, 13

Tex. Gov't Code Ann. §311.016....................................................................... 7

**Rules**

Rule 9.4, Tex. R. App. P. ............................................................................... 14

Rule 162, Texas Rules of Civil Procedure........................................................... 10

TO THE HONORABLE COURT OF APPEALS:

Appellee Elizabeth Cardona timely submits her brief in this appeal pursuant to this Court's Order of April 9, 2015.

**Statement of the Case**

This appeal is from an Order denying Appellants' Motion to Dismiss in Cause No. 2014-29414. Prior to the filing of the case from which Appellants now appeal, the Hon. William R. Burke granted Plaintiffs' unopposed Motion to enter an Order in Cause No. 2014-12614 that severed all Plaintiffs' claims in that case against Toby Paul Couchman and Pro-Surv, now Appellants herein, and dismissed all such claims "without prejudice to the re-filing thereof." Appellant's Brief, Appendix 3. Defendants in that case – Appellants here – filed no appeal of that Order, nor did they file any motion to reconsider the Order in favor of one dismissing the claims with prejudice, and at that time they did not request that the court enter an Order dismissing the case with prejudice. The time for amending the Order, or appealing it, has long ago lapsed. The dismissal of the claims against Appellants in that case was without prejudice to later re-filing claims against the parties that are now Appellants in this case.

After the dismissal without prejudice of the earlier claims in Cause No. 2014-12614, Plaintiff/Appellee filed a new case bearing Cause No. 2014-29414 together with a "Certificate of Merit" affidavit meeting the requirements of Tex. Civ. Prac. & Rem. Code §150.002,. CR 40-42. Appellants then sought dismissal with prejudice of this case,

1

Cause No. 2014-29414, claiming that Plaintiff had not complied with Tex. Civ. Prac. & Rem. Code §150.002(a). CR 47-53. The trial court heard the matter and held Plaintiff's affidavit met the Certificate of Merit requirement, found that it was filed contemporaneously with the first-filed petition in Cause No. 2014-29414, and denied Appellants' Motion to Dismiss. CR 138.

## Statement Regarding Oral Argument

Because the record is clear that the trial court properly applied the law in denying Appellants' Motion to Dismiss, Appellee believes that oral argument is unnecessary for this Court to decide this appeal, unless oral argument is granted to Appellants, in which event Appellee requests oral argument.

## Issues Presented

ISSUES PRESENTED

1. Whether Appellants, without appealing or otherwise challenging the dismissal without prejudice in the previously filed case, Cause No. 2014-12614, may attack that dismissal in the currently filed case, Cause No. 2014-29414.

2. Whether a court is required to dismiss Tex. Civ. Prac. & Rem. Code §150 claims with prejudice despite statutory language specifically granting a choice to the trial court between ordering such a dismissal to be with or without prejudice.

3. Whether the trial court properly exercised it's discretion and authority in holding that Plaintiff's Certificate of Merit met the requirements of Tex. Civ. Prac. & Rem. Code §150.

2

## Statement of Facts

Appellee, Cardona, filed her petition in Cause No. 2014-12614, based on Pro-Surv providing to Appellee a land survey which was substantively incorrect, and upon which Appellee relied to her damage. CR 25. Appellant filed a Motion to Dismiss for lack of a Certificate of Merit. CR 93-98. After which, Appellee nonsuited her claims against ProSurv and the trial court dismissed the claims without prejudice pursuant to the nonsuit. Tab 3 of Appellants' Brief.

Cardona later filed an Original Petition in Cause No. 2014-29414, this time contemporaneously filing a Certificate of Merit that sets forth Appellants' specific errors and omissions made basis of Appellee's claims. CR 40. The Certificate of Merit was an affidavit of a registered land surveyor that identified, among other things, that one of two errors had been made: 1) that the surveyor failed to exercise reasonable control over his stamp, thereby creating a false survey and Pro-Surv acted recklessly in sending a false survey for reliance and use by Appellee or 2) that the surveyor initially stated an incorrect opinion that the property did not lie in a flood zone and then attempted to later hide the error by issuing a contrary survey. CR40-41.

Appellants then filed a Motion to Dismiss the current action stating that 1) the petition in Cause No. 2014-12614 was the only first-filed petition relevant to Tex. Civ. Prac. & Rem. Code §150, so Cardona cannot file a later lawsuit despite

the dismissal without prejudice of the earlier case and 2) that the Certificate of Merit filed by Cardona did not satisfy the requirements of Tex. Civ. Prac. & Rem. Code §150. CR 47-53. The trial court denied the motion to dismiss and held that Cardona's Original Petition in the second-filed suit, Cause No. 29414, was the first-filed petition in this case pursuant to Tex. Civ. Prac. & Rem. Code §150 and that the Certificate of Merit filed in this case satisfied the requirements of Tex. Civ. Prac. & Rem. Code. §150. CR 138. Appellants now appeal that Order. CR142.

## Summary of the Argument

Appellants' arguments fail for three reasons:

- First, Appellant's argument is a collateral attack on a prior case's dismissal without prejudice and cannot be made in the instant action;

- Second, the trial court properly determined that a Certificate of Merit was filed with the first complaint in this case, just as contemplated by Tex. Civ. Prac. Rem. Code §150 following a prior dismissal without prejudice. Appellants' argument that only the first-filed petition in the first-filed suit can satisfy §150 are contrary to both plain statutory language and legislative intent; and,

- Third, the Certificate of Merit in this case properly sets forth "the… action, error, or omission of the licensed or registered professional in providing the professional service… and the factual basis for each such claim" as required

4

by §150.002(b) Tex. Civ. Prac. Rem. Code.

**Argument and Authorities**

A. **Appellants are indirectly challenging the dismissal without prejudice of a previous case and stating it should have been made with prejudice. However, Appellants did not appeal or otherwise challenge the previous dismissal without prejudice and do not have a legal basis for attacking that dismissal in the currently filed case.**

Appellants' argument is that the Original Petition filed in the current case, Cause No. 2014-29414, is not the first-filed complaint pursuant to Tex. Civ. Prac. & Rem. Code §150, and that the only petition that could possibly satisfy the requirements of §150 is the petition filed in the previous case that was dismissed without prejudice, Cause No. 2014-12614. Appellants are functionally arguing that the previous case should have been dismissed with prejudice, because, they claim, no firs-filed petition in any later filed case could satisfy the requirements of Tex. Civ. Prac. & Rem. Code §150.

However, the trial court in Cause No. 2014-12614 did order a dismissal without prejudice. That became a final judgment of dismissal without prejudice for that case without objection from or appeal by Appellants. Had Appellants in this case been disappointed with the Court's ruling in Cause No. 2014-12614, it was incumbent upon them to seek a modification of the order of dismissal without prejudice while the Court

5

retained jurisdiction to do so, or to appeal it while appeal remained available. Appellants, Defendants in the previously-dismissed case, did not exercise their rights to challenge that dismissal pursuant to the Texas Rules of Civil Procedure. Appellants filed no Motion for Reconsideration of the dismissal without prejudice, filed no Motion for New Trial, and filed no appeal of the May 2014 Order.

The Rules of Civil Procedure do not authorize Appellants to challenge that dismissal through an appeal in a later filed suit. Appellants have not provided any authority that collateral attack on the final judgment of dismissal without prejudice in Cause No. 2014-12614 became available to them either in Cause No. 2014-29414 or through the instant appeal. Moreover, Appellants demonstrate no impropriety in the Court's exercise of its discretion in Cause No. 2014-12614 to dismiss it without prejudice.

**B.**      **Tex. Civ. Prac. & Rem. Code §150.002(e) specifically grants the trial court discretion to choose between dismissal with or without prejudice. Therefore, an interpretation that §150.002(e) requires dismissal with prejudice is erroneous and renders statutory language superfluous.**

Appellants argue that the previous case, Cause No. 2014-12614, should have been dismissed with prejudice, because no petition in a later filed suit could possibly satisfy Tex. Civ. Prac. & Rem. Code §150 and any later filed suit, even one satisfying §150, must therefore be dismissed.

6

However, the very statute on which Appellants rely, forbids the result they demand. In Texas, "[i]t is an elementary rule of construction that, when possible to do so, effect must be given to every sentence, clause, and word of a statute so that no part thereof be rendered superfluous or inoperative." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) (citing *Spence v. Fenchler*, 180 S.W. 597, 601 (Tex. 1915)). The plain language of the statute at issue in this case, §150.002 Tex. Civ. Prac. Rem. Code, explicitly grants the trial court discretion to determine whether the dismissal required by the statute will be with prejudice, by using the word "may". Tex. Civ. Prac. Rem. Code §150.002(e). Use of the word "may" in this statute creates "discretionary authority or grants permission or a power" while the word "shall" imposes a duty. Tex. Gov't Code Ann. §311.016 (West 2005). The relevant statutory language is as follows: "The Plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal *may* be with prejudice." Tex. Civ. Prac. & Rem. Code §150 (emphasis added)

If §150.002(a)'s contemporaneous filing requirement applied not to each case's first-filed petition, but only to the first-filed petition *in the first-filed case*, then the provision in Rule 150.002(e) that dismissal "may" be with prejudice would be superfluous, because, if Appellant is correct then the effect of *any* dismissal would be to preclude any later cause of action and, in effect, require a mandatory dismissal with prejudice (whether in the first case or in some second or

7

subsequent case).  Appellants would have this Court read §150.002 to bootstrap every dismissal without prejudice into a dismissal with prejudice, which would render superfluous §150.002(e)'s plain statement that the dismissal under §150.002 "may be with prejudice."

To require that each dismissal be a dismissal with prejudice also runs contrary to the legislative intent of §150. Tex. Civ. Prac. & Rem. Code §150.  The effect of requiring every dismissal to be "with prejudice" would be to prevent valid claims based on technicalities. The affidavit requirement is not intended to hinder valid claims, but instead "provide[s] a basis for the trial court to conclude that the plaintiff's claims have merit." *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.). The affidavit filing requirement shows the court from the start that the claim has merit and offers a vehicle for quickly dismissing the suit if the merit isn't initially shown. *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 2014 Tex. App. LEXIS 9493 (Tex. App. San Antonio Aug. 27, 2014); *Bruington Eng'g, L.T.D. v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523, 530 (Tex. App. San Antonio 2013) (Affidavit must be filed with original petition, not a later amended petition). Appellees met that burden in the currently-filed case by contemporaneously filing a Certificate of Merit with the first-filed pleading in this case as required by the §150. Tex. Civ. Prac. & Rem. Code §150.002.

This issue, under nearly identical circumstances, has already been subjected to appellate review. In *Medina v. Hatch Assocs. Consultants*, Inc. 2014 Tex. App. LEXIS 3044 (Tex. App.–Corpus Christi Mar 20, 2014, pet. filed), the Court determined that a §150.002(a) affidavit does not become untimely simply because it is filed with the first-filed petition of a new cause following a prior dismissal without prejudice. *Medina*, 2014 Tex. App. LEXIS 3044; *Garza v. Carmona*, 390 S.W.3d 391, 398 (Tex. App.—Corpus Christi 2012, no pet.) (reversing non-dismissal for determination whether dismissal should be with or without prejudice). The court determined that the legislative intent of §150 was to make dismissal with prejudice discretionary. *Medina*, 2014 Tex. App. LEXIS 3044.

**C.     The trial court properly held Plaintiff's affidavit met the requirements of Tex. Civ. Prac. Rem. Code §150.**

A trial court's Order denying a Motion to Dismiss for want of a compliant affidavit is reviewed not *de* novo, but for abuse of discretion. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.-Houston [14th Dist.] 2013, no pet.). In reviewing a trial court's denial of a section 150.002 motion to dismiss, the appellate court reviews the record in the light most favorable to the ruling. See *Howe-Baker Eng'rs, Ltd. v. Enter. Prods. Operating, LLC*, No. 01-09-01087-CV, 2011 WL 1660715, at *5 (Tex. App.-Houston [1st Dist.] Apr. 29, 2011, no pet.)(mem. op.).

9

Nothing in §150.002 Tex. Civ. Prac. Rem. Code requires a Certificate of Merit affidavit to contain legal terms of art; the statute requires only that the affidavit state "the action, error, or omission of the licensed or registered professional in providing the professional service … and the factual basis for each such claim[.]" Tex. Civ. Prac. Rem. Code §150.002(b). Under Texas law, a Court faced with a bare-bones affidavit that outlines the errors committed "cannot conclude that [it] fails to set forth the negligence, or other action, error, or omission … in providing the professional service." *Siemens Energy, Inc. v. Nat'l Union Fire Ins. Co.*, 2014 Tex. App. LEXIS 5923 at 19-20 (Tex.App.–Houston [14th Dist.] June 3, 2014).

The affidavit filed contemporaneously with the Original Petition in Cause No. 2014-29414 identifies numerous errors committed by Appellants that are the basis of Appellee's claims. The certificate identifies that:

- Two otherwise identical surveys were produced containing contrary information – the first, relied upon survey, represented that the subject property was NOT in any flood plain, while the later produced survey claimed that the property WAS in a flood plain;

- It is foreseeable and reasonable for Appellant to have relied on the first survey as being the opinion of the surveyor whose seal it bore;

- The second survey did not identify any change in date or otherwise

10

identify that it was a revision;

- Appellant Couchman, the surveyor, negligently failed to exercise reasonable control over his surveyor's seal which is in violation of his duty as a registered surveyor;

- Appellant ProSurv recklessly caused an inaccurate survey, not the opinion of the surveyor, to be transmitted to its customer Appellee with a reckless disregard for the truth or falsity of the information provided;

- Safeguarding of the surveyor's seal would have prevented ProSurv from providing a false survey to Appellee;

- Or Appellant Couchman may have changed his opinion and attempted to hide that fact by changing the flood plain representation on the original face of the survey instead of producing a revised survey;

- The second survey was transmitted to Appellee after the closing of the transaction the survey itself states it was created for and the closing for which both Appellants knew it was going to be relied on; and

- In light of the aforementioned errors, Appellants breached their duties to Appellee.

Appellants argue that the affidavit timely provided with the first-filed pleading in this case as a Certificate of Merit is insufficient because it does not

11

specifically address the breach of contract claims and set out the elements of breach of contract. However, the affidavit in this case does set out the basis for the claims asserted by Appellee and does identify the ways in which Appellants breached their duty to Appellee by failing to provide an accurate survey in a timely manner for the closing of the transaction contemplated by the face of the survey.

Moreover, not all claims against licensed professionals lie within §150.002 Tex. Civ. Prac. Rem. Code. For example, in *TDIndustries Inc. v. Rivera*, 339 S.W.3d 749 (Tex.App.–Houston [1st Dist.] 2011) this Court held that a negligence suit against an engineer could manage not to implicate §150.002(a) Tex. Civ. Prac. Rem. Code or invoke its affidavit requirement. Unlike the contract claim in *Siemens*, *supra*, that alleged breach based on a failure to inspect properly, the contract claim in the instant case is grounded in untimeliness (*i.e.*, withholding the surveyor's true report asserting the property to actually be in a flood plain until after the closing of the transaction for which it was certified had already been completed). To the extent a breach of contract is based not on competence or professional diligence but only a purely contractual duty, it lies beyond the bounds of the affidavit requirement.

As described above, the affidavit timely provided in this case is rich with factual bases for all Plaintiff's causes of action and the trial court's discretion was properly exercised to deny the Motion to Dismiss.

## Conclusion and Prayer

Faced with a Motion to Dismiss and a nonsuit in Cause No. 2014-12614, the trial court was within its sound discretion to, and did, dismiss that cause without prejudice, and Appellants never appealed that Order. That dismissal order is final, and the time for appealing it is long gone. To read §150.002(e) to render every dismissal under §150.002 to be in effect a dismissal with prejudice is not only to deprive the Order of dismissal without prejudice of its stated effect, but to rewrite §150.002 in words the Legislature did not choose to enact, and to erase the word "may" from §150.002(e). The canons by which statutes are construed are clear, and Texas law forbids the result Appellants demand.

The trial court correctly determined that Mrs. Cardona was entitled to bring an action against Toby Paul Couchman and Pro-Surv following her prior nonsuit without prejudice, correctly determined that the Certificate of Merit filed with her Original Petition in Cause No. 2014-29414 was timely filed, and properly exercised the discretion conferred upon it by statute to find the Certificate of Merit set forth sufficient facts to support some claim capable of surviving dismissal under §150.002. Moreover, §150.002 does not apply to claims that a contract was not timely performed, and Appellants' appeal should be denied with respect to Appellee's contract and other claims.

WHEREFORE, PREMISES CONSIDERED, Appellee Elizabeth Cardona respectfully requests that the appeal of Toby Paul Couchman and Pro-Surv be in all

things denied and overruled, and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

_____

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
Houstonlaw2@aol.com

Christopher D. Lewis
SBOT No. 24032546
1721 West T.C. Jester Blvd.
Houston, Texas 77008
Telephone: (713) 553-4104

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point font for text and 12-point font for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i) because it contains no more than 3,008 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

_____

Robert L. Collins

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2015, a true and correct copy of the foregoing was served on the following by certified mail, return receipt requested, regular mail, electronic service, and/or facsimile to:

Zandra Foley, Esq.
Kimberly Snagg, Esq.
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston Texas 77056
ZFoley@ThompsonCoe.com
Facsimile (713) 403-8299

Robert L. Collins