

# NUMBER 13-15-00227-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MELDEN & HUNT, INC.,                             **Appellant,**

**v.**

EAST RIO HONDO WATER
SUPPLY CORPORATION,                           **Appellee.**

### On appeal from the 197th District Court
### of Cameron County, Texas.

# OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Opinion by Justice Perkes

Appellee East Rio Hondo Water Supply Corporation (East Rio Hondo) filed suit against appellant Melden & Hunt, Inc. (Melden) and other defendants alleging breach of contract, breach of express and implied warranty, negligence, negligence per se, and negligent misrepresentation in connection with the design and construction of a water

treatment plant[1]. Melden moved to dismiss East Rio Hondo's lawsuit, claiming that the requisite certificate of merit failed to satisfy the requirements of section 150.002 of the Texas Civil Practice and Remedies Code. The trial court denied Melden's motion to dismiss.

Melden brings this interlocutory appeal under civil practice and remedies code section 150.002. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West, Westlaw through 2015 R.S.) (authorizing an immediate interlocutory appeal from an order denying motion to dismiss under section 150.002). By one issue with two subparts, Melden alleges: (1) East Rio Hondo's certificate of merit did not show the affiant was competent and qualified to testify or was actively engaged in the practice of engineering; and (2) the certificate of merit failed to reference each theory of recovery. We affirm.

## I. BACKGROUND

Along with its original petition, East Rio Hondo contemporaneously filed a certificate of merit in the form of an affidavit of Dan Leyendecker, P.E. The affidavit consists of fifteen paragraphs in five single-spaced pages and is divided into two parts. The first part addresses Melden's alleged acts and omissions and those of Melden's engineer Alan Booe. The second part addresses the other defendants—referred to in the affidavit as the "manufacturers"—and their alleged acts and omissions.

Leyendecker sets out in his affidavit that he is the president and principal of LNV Engineering. He has a bachelor of science degree in civil engineering and twenty-three years' experience in "master planning, detailed design and construction management."

---

[1] Though not part of this appeal, the co-defendants are Hawkins & Affiliates, Inc., HRM Environmental, LLC, Ovivio USA, LLC, and Greystar EIG, LP, d/b/a Greystar.

Leyendecker further states that his education and experience includes the "design and analysis of water treatment plants, including clarifiers, pumps, filters, piping, controls, and chemical feed systems[.]"

Leyendecker avers that he reviewed the engineering plans and construction documents prepared by Melden, together with the equipment cutsheets, specifications, operations and maintenance manuals. With respect to Melden's negligence, he states:

> Melden & Hunt and Booe (1) failed to provide and design a water treatment plan without cross connections, (2) failed to select and design a properly functioning solids contact clarifier, (3) failed to design a filtration system that can be properly backwashed and safely brought into operation without dangerous turbidity spikes, (4) failed to provide adequate assistance and support, and (5) failed to design a proper air filter scour system.

In the paragraphs that follow, Leyendecker elaborates on each of the identified negligent actions or omissions. With respect to the alleged design defects, Leyendecker explains the purpose for each system and the problems caused by the system's omission or failure. With respect to the failure to provide adequate assistance, Leyendecker states "Melden & Hunt provided inadequate construction supervision and assistance to East Rio Hondo during the startup phase of the Plant and failed to identify errors that it made in the design of the Plans."

Leyendecker also addressed East Rio Hondo's other causes of action against Melden. Specifically, Leyendecker asserts the "negligent acts and omissions. . . also constitutes a breach of Melden & Hunt's and Booe's contractual obligations to properly and adequately design the Plant." Leyendecker addresses the negligent misrepresentation cause of action by stating "Melden & Hunt. . . provided false information in the construction plans and documents relied on by East Rio Hondo." The affidavit

concludes with Leyendecker's signature and a "professional engineer" stamp with his Texas engineering license number.

## II.    MOTION TO DISMISS

By its sole issue on appeal, Melden argues the trial court erred in denying its motion to dismiss.

## A.    Standard of Review

"We review a trial court's decision to grant or deny a defendant's motion to dismiss under section 150.002 of the Civil Practice and Remedies Code for abuse of discretion." *WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214, 219 (Tex. App.—Corpus Christi 2009, pet. dism'd) (citing *Landreth v. Las Brisas Council of Co–Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.), superseded by statute on other grounds, TEX. CIV. PRAC. & REM. CODE ANN. § 150.002, as recognized in *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 426 (Tex. App.—Dallas 2012, no pet.)).

To the extent we analyze statutory construction, however, our review is de novo. *See id.* (citing *Landreth*, 285 S.W.3d at 496).  "Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute."  *Id.*  "In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute."  *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2006).  "We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired."  *Id.*  "Otherwise, we construe the statute's words according to their plain and common meaning."  *Id.*  "Every word of a statute must be presumed to have been used for a purpose, and every word

4

excluded from a statute must also be presumed to have been excluded for a purpose."

*Landreth*, 285 S.W.3d at 497.

## B. Applicable Law

Texas Civil Practice and Remedies Code section 150.002(a) requires that, "in any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a . . . third-party . . . licensed professional engineer." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a).

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b). Subsection (b) further requires that "[t]he third-party . . . licensed professional engineer . . . shall be licensed or registered in this state and actively engaged in the practice of . . . engineering." *Id.* "The plaintiff's failure to file the affidavit in accordance with this section . . . shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e). "This dismissal may be with prejudice." *Id.*

### III. DISCUSSION

## A. Leyendecker's Qualifications

Melden first argues that Leyendecker's affidavit fails to demonstrate that he is knowledgeable and competent to testify. Specifically, Melden claims that Leyendecker's statements regarding his qualifications are "conclusory assertions" and establish nothing more than that he is an engineer. In essence, Melden urges us to review the chapter

5

150 requirements with the same degree of scrutiny normally reserved for the competence and admissibility of expert testimony. Chapter 150, however, has no such requirement. *See Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 44 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd by agr.) (contrasting statutory requirements for certificates of merit with standards governing admissibility of trial and summary-judgment evidence).

What chapter 150 requires, with respect to subject-area expertise, is that the affiant "is knowledgeable in the area of practice of the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)(3). "Chapter 150 does not require that an affiant establish his knowledge through testimony that would be competent or admissible as evidence, or even that the affiant explicitly establish or address such knowledge within the face of the certificate—indeed, it imposes no particular requirements or limitations as to how the trial court ascertains whether the affiant possesses the requisite knowledge." *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 503 (Tex. App—Austin 2012, pet. denied) (citing *Benchmark Eng'g Corp.*, 316 S.W.3d at 47 (observing, under materially identical provisions of 2005 version of chapter 150, the "legislature did not include a requirement that statements in a certificate of merit must be competent as evidence")); *Charles Durivage, P.E. v. La Alhambra Condo. Ass'n*, No. 13–11–00324–CV, 2011 WL 6747384, at *2–3 (Tex. App.—Corpus Christi Dec. 21, 2011, pet. dism'd) (mem. op.) (holding that under the 2009 version of chapter 150, there was no authority "establishing that a certificate of merit must fail if its statements are conclusory, or even that it must comply with rules of evidence").

6

Consequently, the trial court was able to determine that Leyendecker was licensed as a Texas engineer with education and experience including the "design and analysis of water treatment plants, including clarifiers, pumps, filters, piping, controls, and chemical feed systems[.]" Leyendecker's recital of his qualifications and experience are factual statements supporting his conclusion that he is knowledgeable in Melden's area of practice and competent to testify. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (a)(1)(3).

## B. Actively Engaged in the Practice of Engineering

Melden also argues that Leyendecker's affidavit fails to show that he is actively engaged in the practice of engineering and thus fails to meet the requirements of subsection (b) of section 150.002. *See id.* § 150.002(b). According to Melden, neither Leyendecker's position as principal of an engineering firm nor his current engineering license "equate with an active practice of engineering." *See* TEX. OCC. CODE ANN. § 1001.302(e) (West, Westlaw through 2015 R.S.) (stating that to receive an engineering license, "[a] person who has the necessary license qualifications described by this chapter is eligible for the license regardless of whether the person is practicing at the time the person applies for the license").

The practice of engineering includes, among other things: design of engineering works or systems; development of specifications for engineering works or systems; engineering for construction of real property; and "any other professional service necessary for the planning, progress, or completion of an engineering service." *CBM Eng'rs, Inc. v. Tellespen Builders, L.P.*, 403 S.W.3d 339, 343 (Tex. App.—Houston [1st

7

Dist.] 2013, pet. denied) (citing TEX. OCC. CODE ANN. § 1001.003(c) (West, Westlaw through 2015 R.S.)).   Chapter 150 neither requires the affiant to explicitly state that he or she is actively engaged in engineering practice nor imposes requirements or limitations on how the trial court determines whether the affiant is actively engaged.   *See M-E Eng'rs Inc.*, 365 S.W.3d at 503; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b).

Leyendecker's affidavit provides information indicative of active engineering practice.   Leyendecker states that he is the president and principal of LNV Engineering.   Although he does not describe the type of business in which LNV Engineering engages, the trial court could reasonably infer from the company's name and Leyendecker's past experience that LNV Engineering engages in engineering services.   The trial court could have further reasoned that, as president and principal of LNV Engineering, Leyendecker's job duties include "any other professional service necessary for the planning, progress, or completion of an engineering service."   *See* TEX. OCC. CODE ANN. § 1001.003(c); *see also Elness Swenson Graham Architects, Inc. v. RLJ II–C Austin Air, LP*, No. 03–10–00805–CV, 2011 WL 1562891, at \*2–3 (Tex. App.—Austin Apr. 20, 2011, pet. denied) (mem. op.) (determining that the affiant's certificate demonstrated that he was actively engaged in the requisite practice area despite not having said so explicitly).

We conclude that the trial court did not abuse its discretion in determining that Leyendecker was knowledgeable and qualified to testify.   Likewise, based on reasonable inferences, the trial court could have concluded that Leyendecker is actively engaged in engineering.

8

## C.     Theories of Recovery

Melden claims that Leyendecker's affidavit failed to address "each theory of recovery for which damages are sought" as required by section 150.002(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). Melden argues that Leyendecker's affidavit fails to address the breach of warranty claims, failed to identify the "false information" element of the negligent misrepresentation claim, and failed to identify the "valid contract" element of the breach of contract claim.

In support of its argument, Melden cites *Garza v. Carmona*. 390 S.W.3d 391, 396–97 (Tex. App.—Corpus Christi 2012, no pet.). In *Garza* we rejected a certificate of merit for not tying specific actions of the defendants to specific causes of actions. *Id.*; *see also Durivage,* 2011 WL 6747384, at * 4 (dismissing certain claims that were not supported by the certificate of merit); *but see Couchman v. Cardona*, 2015 WL 4497722, at *4, __S.W.3d__, __ (Tex. App.—Houston [1st Dist.] Jul. 23, 2015, no pet.) (holding that a certificate of merit is not required to tie alleged improper actions to specific elements of specific causes of action); *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 796 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (same); *M-E Eng'rs, Inc*, 365 S.W.3d at 506 ("Because the core focus of section 150.002(b) is ascertaining and verifying the existence of errors or omissions in the professional services provided, it does not 'require that a certificate address operative facts other than the professional errors and omissions that are the focus of the statute.").

Melden's argument misinterprets our holding in *Garza.* There, we explained that the crux of the plaintiff's negligence claims was a failure to supervise. *See Garza*, 390

9

S.W.3d at 396. We noted that the affidavit was "wholly silent on the question of whether [defendant] negligently supervised and failed to correct [the construction contractor's] work." *See id.* at 397. We also examined the plaintiff's four additional causes of action and compared the statements in the affidavit to the different elements of each cause. *See id.* Though our analysis contrasted the cause of action elements with the affidavit to identify omissions in the affidavit, *Garza* does not stand for the requirement that the affidavit must address each element of each cause of action. Section 150 does not require that level of specificity. Instead, the function of the certificate of merit is to provide a basis for the trial court to determine merely that the plaintiff's claims are not frivolous and to thereby conclude that the plaintiff is entitled to proceed in the ordinary course to the next stages of litigation. *CBM Eng'rs*, 403 S.W.3d at 346.

Leyendecker's affidavit meets this function. Unlike the affidavit in *Garza*, Leyendecker addresses each of East Rio Hondo's causes of action attributable to errors in professional service. Concerning the negligence claim, Leyendecker states

> Melden & Hunt and Booe improperly incorporated multiple cross connections in its design of the Plant. Cross connections can lead to inadvertent contamination of already treated water and pose a severe risk to the health of East Rio Hondo's customers and violate Texas Commission on Environmental Quality (TCEQ) regulations.

Likewise, Leyendecker addresses the breach of warranty claims, explaining that "[t]hese clarifiers were chosen because of Manufacturer's, Melden & Hunt's, and Booe's claim that the typically implemented sludge blanket clarifier operation would create excellent produced water and further increase the efficiency of the treatment process." With respect to East Rio Hondo's breach of contract claim, it is unnecessary for Leyendecker

10

to reference the specific terms of the contract between Melden and East Rio Hondo. Instead, his affidavit examines how the plant was not operating correctly, safely, or efficiently resulting from the numerous problems with the plant's design and filtration system. He concludes that "Melden & Hunt and Booe failed to live up to their obligations that required them to design the Plant in accordance with their contract." Similarly, Leyendecker addressed East Rio Hondo's negligent misrepresentation claim by stating that "Melden & Hunt failed to provide relevant and material information to East Rio Hondo . . . and, in fact, provided false information in the construction plans and documents relied on by East Rio Hondo." We note that a certificate of merit is "filed early in the litigation, before discovery and before other dispositive motions may be available." *Couchman*, 2015 WL 4497722, at *4 (citing *CBM Eng'rs*, 403 S.W.3d at 345). Accordingly, the plaintiff is not required to marshal its evidence or establish every element of its claims. *Id.*

**D. Negligence**

With respect to East Rio Hondo's negligence claims, Melden asserts that the affidavit offers no factual basis, no standard of care, no specific instances of wrongdoing, and no discussion of causation. While it is true that the certificate of merit must provide a factual basis for the allegations of professional errors or omissions, it need not recite the applicable standard of care and how it was allegedly violated in order to provide an adequate factual basis for the identification of professional errors. *CBM Eng'rs*, 403 S.W.3d at 345; *see M–E Eng'rs, Inc.*, 365 S.W.3d at 506; *Gartrell v. Wren*, No. 01–11–00586–CV, 2011 WL 6147786, at *5 (Tex. App.—Houston [1st Dist.] Dec. 8, 2011, pet.

11

denied) (mem. op.); *Elness Swenson,* 2011 WL 1562891, at *4.

Though Leyendecker asserts that "Melden & Hunt and Booe failed to use ordinary care that a reasonable and prudent professional would have used in performing duties related to the design of the Plant and the filtration system used in it," this statement does not identify the factual basis for the errors. The following portions of the affidavit, however, do set forth the factual basis of the errors. Leyendecker's affidavit then explains the filtration system design, why the design is incorrect, and how those design errors have contributed to problems in the plant. That is what matters in the certificate of merit—the factual basis.

## E.    Summary

We hold the trial court did not abuse its discretion by denying the motion to dismiss based on the sufficiency of the certificate of merit. *See Couchman*, 2015 WL 4497722, at *5; *CBM Eng'rs*, 403 S.W.3d at 346 (upholding certificate of merit identifying errors in structural drawings and concluding errors contributed to instability of building); *Dunham Eng'g*, 404 S.W.3d at 796–97 (upholding certificate of merit identifying errors in bid process and concluding errors violated professional engineering duties). We overrule Melden's sole issue.

## IV.    CONCLUSION

We affirm the trial court's order denying Melden's motion to dismiss.

GREGORY T. PERKES
Justice

Delivered and filed the
17th day of December, 2015.

12