Opinion issued January 10, 2013



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-01033-CV

———————————

**CBM ENGINEERS, INC., Appellant**

**V.**

**TELLEPSEN BUILDERS, L.P., Appellee**

**AND**

**TELLEPSEN BUILDERS, L.P., Appellant**

**V.**

**CBM ENGINEERS, INC., Appellee**

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2006-44489-A

# OPINION ON REHEARING[1]

Tellepsen Builders, L.P. sued CBM Engineers, Inc. and others for negligence, breach of contract, and breach of warranty. CBM filed a motion to dismiss alleging that Tellepsen failed to comply with the certificate-of-merit requirements of the applicable version of Civil Practice and Remedies Code section 150.002.[2] The trial court granted CBM's motion to dismiss as to Tellepsen's negligence claim, but it denied the motion as to the claims for breach of contract and warranty. Both CBM and Tellepsen appealed.

CBM argues that the trial court erred by denying its motion as to the breach of contract and breach of warranty claims because they are subject to Chapter 150. Tellepsen argues that the trial court erred by dismissing its negligence claim because its affidavit was sufficient to satisfy Chapter 150. Because we conclude that all of Tellepsen's claims against CBM were subject to Chapter 150 and that the affidavit submitted by Tellepsen was sufficient to satisfy the certificate-of-merit requirement, we reverse the portion of the trial court's order dismissing

---

[1] Appellant CBM Engineers, Inc. moved for rehearing of our August 30, 2012 opinion and judgment. We deny the motion for rehearing. We withdraw our prior opinion and judgment and issue the following opinion and judgment in their stead.

[2] *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348; Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011)).

Tellepsen's negligence claim, we affirm the portion of the order denying CBM's motion to dismiss Tellepsen's breach of contract and breach of warranty claims, and we remand the case to the trial court for further proceedings.

**Background**

Tellepsen sued CBM and others for damages related to the design and construction of the Camp Allen Retreat and Conference Center. Tellepsen alleged that it engaged CBM as a design specialist to prepare construction documents and specifications and to provide administrative services related to construction. After construction, the project showed signs of structural and water damage. Tellepsen alleged that the damage was caused by "several deficiencies in the design of the project" and "deficiencies in the installation of waterproofing systems."

In its original petition, Tellepsen alleged causes of action for negligence, breach of contract, and breach of warranty, stating as follows:

> Negligence—The defendants owed a legal duty to exercise ordinary and reasonable care in their respective parts of constructing the Project. The Defendants failed to exercise ordinary and reasonable care in the design and construction of their respective parts of the Project and, as a result, Plaintiff has sustained damages.
>
> . . . .
>
> Breach of Warranty—The Defendants further impliedly warranted their work on the Project would be performed in a good and workmanlike manner. The Defendants' work, however, was not performed in a good and workmanlike manner or in accordance with the contract documents. The quality of defendants' performance of services did not meet the standards of those who have the knowledge,

3

training, or experience necessary for the successful practice of a trade or occupation, and the services were not performed in a manner that would generally be considered proficient by those capable of judging the work.

. . . .

Breach of Contract–Plaintiff had a valid and enforceable contract with each of the Defendants. . . . Defendants failed to comply with and breached the agreements they had with Plaintiff by failing to properly perform all the work required by the contract documents and to perform their work in a good and workmanlike manner and in accordance with the standard of care. . . .

The petition was supported by an affidavit from Roger Aduddell, a licensed professional engineer. The substance of Aduddell's affidavit stated:

> I am a licensed professional engineer in the State of Texas. I am competent to testify, and I am actively engaged in the practice of engineering. A true and correct copy of my resume is attached hereto as Exhibit A, and incorporated herein by reference for all purposes.
>
> I have reviewed CBM Engineers Inc.'s structural drawings issued for construction and prepared by Mr. Johnny T. Carson, P.E. Structural Engineer of Record, Texas Professional Engineer License No. 42119, for this Facility. It is my opinion that one of the factors contributing to the instability of the Facility is the structural flitch beam design error and omission of lateral bracing prepared by Mr. Johnny T. Carson, P.E.

Aduddell's resume showed that he has bachelor's degrees in both architecture and architectural engineering and that he is a licensed professional structural engineer. It also described his "twenty-seven years of experience in diversified aspects of structural engineering analysis, design and management."

4

CBM moved to dismiss the claims against it for failure to comply with Chapter 150 of the Civil Practice and Remedies Code, arguing that Aduddell's affidavit did not satisfy the certificate-of-merit requirement because it did not specifically set forth at least one negligent act, error, or omission, nor did it provide a factual basis for each such claim. Tellepsen responded that the affidavit was sufficient for purposes of the applicable version of Chapter 150 because it addressed the "error(s) in CBM's structural design, and it describe[d] the factual basis underlying Aduddell's conclusions as the structural plans prepared by CBM's Johnny T. Carson, P.E., his review of the plans, and the instability of the Facility." The trial court granted CBM's motion to dismiss as to the negligence claims only, and it denied the motion as to the contract and warranty claims.

Both parties appealed. The appeal and cross-appeal present two issues. First, we must resolve whether Chapter 150's certificate-of-merit requirement, as amended in 2005, applies to all of Tellepsen's claims. Second, we must determine whether Tellepsen's certificate of merit satisfies the requirements of Chapter 150.

**Analysis**

An order granting or denying a motion to dismiss for failure to file a certificate of merit is immediately appealable. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011). We review a trial court's order denying a motion to dismiss for abuse of discretion. *See, e.g.*, *Carter & Burgess v. Sardari*, 355

5

S.W.3d 804, 808 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Id.* at 808–09; *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To the extent we are required to interpret a statute, that aspect of our review is performed de novo. *Carter & Burgess*, 355 S.W.3d at 809.

## I. Applicability of Chapter 150

Both parties agree that this dispute is governed by a former version of Chapter 150 as it was amended in 2005, and before it was amended again in 2009. The applicable version of section 150.002(a) required a certificate of merit in any action "for damages arising out of the provision of professional services by a licensed or registered professional."[3] Under the statute, a "licensed or registered professional" includes a "licensed professional engineer" and "any firm in which such license or registered professional practices."[4] Thus, to determine whether

---

[3] *See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (formerly codified at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002, amended 2009); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348 (formerly codified at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002, amended 2009).

[4] Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 1, 2005 Tex. Gen. Laws 348, 348; Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE § 150.001 ANN. (West 2011)).

Tellepsen's causes of action against an engineering firm were "for damages arising out of the provision of professional services," we look to the definition of "practice of engineering" in the Texas Occupations Code. *See TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 754 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Occupations Code defines the practice of engineering as "the performance of . . . any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." TEX. OCC. CODE ANN. § 1001.003(b) (West 2012). The practice of engineering includes, among other things, design of engineering works or systems; development of specifications for engineering works or systems; engineering for construction of real property; and "any other professional service necessary for the planning, progress, or completion of an engineering service." *Id.* § 1001.003(c). Based on these statutory provisions, a claim "arises out of the provision of professional [engineering] services" if the claim implicates the engineer's education, training, and experience in applying special knowledge or judgment. *TDIndustries*, 339 S.W.3d at 754.

Tellepsen brought three claims against CBM, all of which stem from the same allegations. Tellepsen alleged that it hired CBM as a design specialist to prepare construction documents and specifications and to provide construction

7

administration services.  In support of its negligence claim, Tellepsen alleged that CBM failed to exercise ordinary and reasonable care with respect to the design and construction of its parts of the project.  With respect to the contract and warranty claims, Tellepsen alleged that CBM did not perform its services in a good and workmanlike manner.  In connection with the contract claim, CBM was also accused of failing to "properly" perform the work required by the parties' contract in accordance with the standard of care.[5]  All of Tellepsen's claims against CBM

---

[5]  Tellepsen argues that the contract and warranty claims are distinguishable from the negligence claims because they were not based solely on professional standards constituting the practice of engineering.  But the contract between the parties called for CBM to provide engineering services.  Specifically, the contract provided that CBM would provide the following basic services:

> 3.2 BASIC SERVICES   The Architect/Engineer's Basic Services consist of the provision of the Schematic Design Documents, Design Development Documents, Construction Documents, Guaranteed Maximum Price (GMP) Documents (if required), bidding or negotiation assistance, Construction Phase Services, and other basic services as may be provided in Subparagraph 3.2.18, and shall include normal architectural, structural, mechanical, electrical, and site design. . . .

Section 3.2.18 does not add any basic services.  Rather, it states, "The following basic services shall be included as part of Basic Services:  ."  The space after the colon was left blank on the contract.

We reject Tellepsen's suggested distinction between the negligence claims and the contract and warranty claims because the basic services in the parties' contract fall within the enumerated tasks that the Occupations Code characterizes as the practice of engineering.  *See* TEX. OCC. CODE ANN. § 1001.003 (West 2012).

8

pertain to its design, preparation of construction documents and specifications, and provision of construction administration services. Because the practice of engineering includes the design and development of specifications for engineering works, engineering for construction of real property, and other professional services necessary to complete an engineering service, all of Tellepsen's claims are based on CBM's practice of engineering. *See* TEX. OCC. CODE ANN. § 1001.003(c). Therefore, all of Tellepsen's claims arise out of the provision of professional services by a licensed or registered professional.

Relying on *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 108 (Tex. App.—Houston [1st Dist.] 2010, no pet.), Tellepsen argues that the 2005 statute required a certificate of merit only for its negligence cause of action. Because former section 150.002(a) requires that the certificate of merit "set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim," this Court has previously held that the statute's certificate-of-merit requirement "does not apply in a suit other than one for negligent acts, errors, or omissions arising out of the provision of professional services." *Curtis & Windham*, 315 S.W.3d at 108. In *Curtis & Windham*, this Court wrote, "It simply makes no sense to require an affidavit of a licensed or registered professional setting forth 'at least one negligent act, error, or omission

9

claimed to exist and the factual basis for each such claim' when, in fact, a plaintiff's causes of action do not concern negligence." *Id.*

We conclude that the circumstances presented in *Curtis & Windham* are distinguishable from this case because the plaintiffs' cause of action in *Curtis & Windham* did not arise from the provision of professional services. *Id.* In that case, the owners of a residential property hired an architectural firm to provide architectural services in connection with the design, construction, and landscaping of a proposed residence. *Id.* at 104. When presented with bills that greatly exceeded their expectations, the property owners refused to pay and instructed the architectural firm to stop work on their residence. *Id.* The architects sued for nonpayment of approximately $47,000. *Id.* The property owners counterclaimed for breach of fiduciary duty, fraud, deceptive trade practices, and unjust enrichment, based primarily on allegations of overbilling. *Id.* at 105. The property owners did not file a certificate of merit in support of their counterclaim. *Id.* at 106. This Court noted that "if a plaintiff's claim for damages does not implicate the special knowledge and training of an architect, it cannot be a claim for damages arising out of the provision of professional services." *Id.* at 108. This Court then concluded that the property owners' causes of action did not implicate a professional architect's "education, training, and experience" in applying "special knowledge or judgment," concluding that the "gist" of the property owners'

10

claims, made in response to the architect's contract claim to recover fees, was that the architects engaged in "pervasive and systemic overbilling." *Id.* Thus, although the Court also held that the property owners' claims did not implicate a negligent act, error, or omission, the Court based this conclusion in part on the fact that the property owners' counterclaims did not arise out of the provision of professional services. *See id.*

In contrast, Tellepsen's claims arise out of the provision of professional services. While the underlying factual basis of the claims in *Curtis & Windham* was the allegation an intentional act—overbilling—each of Tellepsen's claims allege that CBM's conduct and performance of engineering services fell below an applicable standard of care. Thus, all of Tellepsen's claims allege that CBM committed a negligent act, error, or omission, despite the fact that two of the claims bear the labels of "breach of warranty" and "breach of contract." *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 400 (Tex. App.—Beaumont 2008, no pet.) ("Negligence is conduct that falls below the applicable standard of care.").

We hold that all of Tellepsen's claims are subject to the requirements of the 2005 version of Chapter 150. Accordingly, Tellepsen was required to file a certificate of merit.

11

## II. Sufficiency of certificate of merit

We next must determine whether Tellepsen's certificate of merit satisfied the requirements of Chapter 150. The applicable statute requires that a certificate of merit must "set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim." *See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2(a), 2005 Tex. Gen. Laws 369, 370 (formerly codified at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002, amended 2009); Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2(a), 2005 Tex. Gen. Laws 348, 348 (formerly codified at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002, amended 2009). The purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims are not frivolous. *See Criterium-Farrell*, 248 S.W.3d at 399. The certificate of merit must provide a factual basis for the allegations of professional errors or omissions. *See M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 506 (Tex. App.—Austin 2012, pet. denied). But it need not recite the applicable standard of care and how it was allegedly violated in order to provide an adequate factual basis for the identification of professional errors. *See Gartrell v. Wren*, No. 01-11-00586-CV, 2011 WL 6147786, at *5 (Tex. App.—Houston [1st Dist.] Dec. 8, 2011, pet. denied) (mem. op.); *Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, No. 03-10-00805-CV, 2011 WL 1562891, at *4 (Tex. App.—Austin Apr. 20, 2011, pet. denied) (mem. op.).

Finally, while the affiant must be knowledgeable in the area of practice of the defendant, he need not explicitly establish such knowledge on the face of the certificate of merit. *M-E Eng'rs*, 365 S.W.3d at 503.

CBM contends that Tellepsen's certificate of merit was insufficient because it "failed to specifically set forth the factual basis for an alleged negligent act, error, or omission by CBM" and was, therefore, conclusory. For example, CBM argued that "[a]ny person reading the Aduddell Certificate would not know which structural flitch beam to which Mr. Aduddell was referring, nor where the allegedly omitted lateral bracing should have been located, nor how these alleged errors caused 'instability of the Facility.'" But the statute does not require the certificate of merit to contain that level of detail.

The statute does not require a plaintiff to marshal his evidence or provide the full range of information that the defendant is entitled to obtain through formal discovery. *See id.* at 504. Nor does the statute foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence or the admissibility of an expert's opinion, such as by filing a motion to exclude expert testimony or a motion for summary judgment. Chapter 150 requires only that a licensed professional, practicing in the same area of expertise as the defendant, provide a sworn written statement certifying that the defendant's actions were negligent or erroneous and stating the factual basis for this opinion.

13

The statutory framework contemplates that a motion to dismiss for failure to file an adequate certificate of merit may be filed early in the litigation, before discovery and before other dispositive motions may be available. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2(b), 2005 Tex. Gen. Laws 369, 370. Thus the function of the certificate of merit is to provide a basis for the trial court to determine merely that the plaintiff's claims are not frivolous, and to thereby conclude that the plaintiff is entitled to proceed in the ordinary course to the next stages of litigation.

Tellepsen's certificate of merit took the form of a sworn written statement by a professional engineer, licensed in Texas, who was actively engaged in the practice of structural engineering. Aduddell stated that he had reviewed the structural drawings at issue and that one of the factors contributing to the facility's instability was a "structural flitch beam design error and omission of lateral bracing." Thus, he identified at least one negligent act or omission, namely the error and omission in the facility's design. Aduddell opined that this alleged professional error and omission contributed to "the instability of the Facility." And he identified the factual basis upon which he based his professional opinion, which was his review of the structural drawings issued for construction that were prepared by a professional structural engineer who worked for CBM.

14

In addition, Aduddell's statements that the drawings included a "structural flitch beam design error" and omitted "lateral bracing" are factual assertions. These assertions are clear, positive, direct, free from inconsistencies, and could have been readily controverted. That is, they could be "effectively countered by opposing evidence." *See Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). Therefore the affidavit is not, as CBM argues, conclusory. *See id.* Tellepsen's certificate of merit fulfilled the statutory requirements, and we conclude that it is sufficient in this case. Accordingly, we hold that the trial court erred by dismissing Tellepsen's negligence claims. We overrule CBM's issues on appeal, and we sustain Tellepsen's sole cross-issue.

## Conclusion

We reverse the portion of the trial court's order that dismissed Tellepsen's negligence cause of action, we affirm the portion of the order denying CBM's motion to dismiss Tellepsen's breach of contract and breach of warranty claims, and we remand the case to the trial court for further proceedings.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Brown.