**Opinion issued March 31, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00208-CV

————————————

## KAREN LANTZ, ANDREW FARKAS, AND
## LANTZ FULL CIRCLE BUILD, LLC, Appellants

## V.

## HIGGINS, INC., Appellee

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-49445**

---

### MEMORANDUM OPINION

Appellants Karen Lantz, Andrew Farkas, and Lantz Full Circle Build, LLC

sued appellee Higgins, Inc. for violation of the Deceptive Trade Practices Act,

breach of contract, and fraud based on the design of a house. The trial court

dismissed the appellants' claims for failure to file a certificate of merit as required by Chapter 150 of the Texas Civil Practice and Remedies Code. In two issues, the appellants argue that the trial court erred. Specifically, although they concede that Higgins is an architectural firm, they contend that no certificate of merit was required because their claims arise from the provision of engineering (rather than architectural) services.

We affirm the judgment of the trial court.

## Background

Lantz Full Circle Build hired Higgins to perform design work for the construction of a house to be owned by Lantz and Farkas. Higgins—an architectural firm—performed calculations, designed the house, specified materials, and prepared drawings of the designs. Prior to construction, Higgins sent the drawings to DaRam Engineers, a professional engineering firm hired to review and approve the drawings.

During construction, Lantz Full Circle Build noticed problems with the specifications and design. For example, the steel beams did not fit together properly, the main house support beams sagged, and specifications for metal decking, concrete, and steel were incorrect. According to the appellants, these alleged errors required corrective action which increased the construction cost by more than $100,000.

2

The appellants sued DaRam Engineers and Higgins alleging DTPA violations, breach of contract, and fraud in connection with the design of the house. The trial court dismissed the claims against DaRam Engineers and Higgins because the appellants failed to file a certificate of merit as required by Chapter 150 of the Texas Civil Practice and Remedies Code. On appeal, the appellants challenge the dismissal of their claims against Higgins.

## Analysis

In two issues, the appellants argue that the trial court erred by concluding that a certificate of merit was required and by granting the motion to dismiss. They contend that Chapter 150 does not apply in this case because although Higgins is a registered architectural firm, it was hired to do something else: structural engineering work. They argue that because Higgins is not an engineering firm and the appellants allege a failure to perform engineering services, no certificate of merit was required.

We review a trial court's order granting or denying a Chapter 150 motion to dismiss for abuse of discretion. *See CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Id.* at 342–43; *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To the extent

3

we are required to interpret a statute, that aspect of our review is performed de novo. *CBM Eng'rs*, 403 S.W.3d at 343.

A plaintiff suing for damages "arising out of the provision of professional services by a licensed or registered professional" must file a "certificate of merit" with the complaint. TEX. CIV. PRAC. & REM. CODE § 150.002(a). In this context, a "licensed or registered professional" includes "a licensed architect . . . or any firm in which such licensed or registered professional practices." *Id.* § 150.001(1-a). If a plaintiff's claim for damages implicates the special knowledge and training of a licensed or registered professional as defined by Chapter 150, it is a claim for damages arising out of the provision of professional services. *See CBM Eng'rs*, 403 S.W.3d at 343; *Carter & Burgess v. Sardari*, 355 S.W.3d 804, 809–12 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In determining whether the causes of action against an architectural firm are "for damages arising out of the provision of professional services," we compare the allegations to the definition of the practice of architecture in Section 1051.001 of the Texas Occupations Code. *See id.* § 150.001(2); *CBM Eng'rs*, 403 S.W.3d at 343. The practice of architecture is defined as:

> a service or creative work applying the art and science of developing design concepts, planning for functional relationships and intended uses, and establishing the form, appearance, aesthetics, and construction details for the construction, enlargement, or alteration of a building or environs intended for human use or occupancy, the

4

proper application of which requires education, training, and experience in those matters.

Tex. Occ. Code § 1051.001(7). Among other things, the practice of architecture includes "establishing and documenting the form . . . [and] materials . . . for a building . . . intended to be constructed," "preparing, or supervising and controlling the preparation of, the architectural plans and specifications that include all . . . construction details," and "analyzing the . . . design . . . [and] materials . . . used for the construction . . . of a building." *Id.* § 1051.001(7)(A), (B), (F).

The appellants do not dispute that Higgins is a "licensed or registered professional" because it is a firm in which a licensed architect practices. *See* Tex. Civ. Prac. & Rem. Code § 150.001(1-a) (defining "licensed or registered professional" to include "a licensed architect . . . or any firm in which such licensed or registered professional practices"). But they contend that Higgins agreed to perform structural engineering services, not architectural services. As such, they argue that their claims against Higgins do not arise from the provision of architectural services; rather, they argue that their suit results from work that Higgins did as a structural engineering firm.

We rejected a similar argument in *V.R. & Sons, L.P. v. Cive Consulting, Inc.*, No. 01-11-00967-CV, 2012 WL 3133605 (Tex. App.—Houston [1st Dist.] Aug. 2, 2012, no pet.) (mem. op.). In that case, the trial court dismissed the plaintiffs' suit for failure to file a certificate of merit. *V.R. & Sons*, 2012 WL 3133605, at *1. On

5

appeal, the plaintiffs argued that although Cive Consulting met the statutory definition of a licensed professional engineer, no certificate of merit was required because their claims arose from hiring Cive Consulting to act as an architect. *Id.* at *3. Rather than simply relying on the labels used in the contract, we analyzed the nature of the services at issue by comparing the allegations in the lawsuit to the statutory definition of the practice of engineering. *Id.* The plaintiffs alleged that Cive Consulting improperly performed services that we concluded were encompassed within the definition of the practice of engineering. *Id.* at *4. We held that the services provided implicated the special knowledge and training of a licensed professional and a certificate of merit was required. *Id.* Because the plaintiffs had not filed a certificate of merit, we affirmed the trial court's dismissal. *Id.*

Applying the same analysis, we examine the appellants' specific allegations and compare them with the statutory definition of the practice of architecture to determine if the claims implicate the provision of professional services. The petition alleged that Higgins entered into a contract with Lantz Full Circle Build "to perform structural engineering work for the construction of a house." More specifically, the petition alleged that Higgins designed and produced drawings for the construction of a house. It further alleged that the calculations and design for the building were faulty in several respects: (1) the support beams sagged; (2) the

6

design called for the wrong metal decking for the floors, the wrong slump value for the concrete, and the wrong amount of steel for the back patio; and (3) the beam pockets throughout the house and the beams for the front upstairs patio were incorrectly sized. The preparation of architectural plans and specifications that include construction details is part of the statutory definition of the practice of architecture. *See* TEX. OCC. CODE § 1051.001(7)(B). Performing calculations and specifying materials also fall within the practice of architecture because these tasks involve the form and construction details for the house. *See id.* § 1051.001(7). These are tasks that necessarily involve the use of "education, training, and experience" in the practice of architecture. *See id.* As such, the claims at issue in this case—that Higgins made several errors in the design of the house—implicate the special knowledge and training of a licensed professional architect, and we conclude that the claims are for damages arising out of the provision of professional services. *See CBM Eng'rs*, 403 S.W.3d at 343; *Carter & Burgess*, 355 S.W.3d at 809–12.

Because the claims were for damages arising out of the provision of professional services, the appellants were required to file a certificate of merit with the complaint. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a). The appellants did not do so, and we hold that the trial court properly dismissed the claims against Higgins. Accordingly, we overrule both of the appellants' issues.

7

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.