**Opinion issued July 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00992-CV

———————————————

**JORDAN AND ASSOCIATES, Appellant**

**V.**

**LISA WELLS, Appellee**

---

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Case No. 32055**

---

## MEMORANDUM OPINION

This is an interlocutory appeal from the trial court's denial of appellant Jordan and Associates's motion to dismiss based on appellee Lisa Wells's failure to timely file a certificate of merit as required by Chapter 150 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 150.002. On

appeal, Jordan argues that the trial court erred by extending the time for filing a certificate of merit and by denying its motion.

We reverse and remand.

## Background

Appellee Lisa Wells sued Sulik Sheridan Navasota, Inc. and Sulik Health Care Services, Inc. (collectively, "Sulik"), alleging that she was harmed by exposure to noxious fumes while working as a hair stylist and beautician at a retirement community center. On May 24, 2014, just over three years after the original petition was filed, Sulik sought leave to designate responsible third parties, including Jordan and Associates, the architectural firm that designed the building where Wells had worked. On June 19, 2014, Wells amended her petition, adding Jordan as a defendant and alleging a "cause of action for professional negligence" against it. She did not concurrently file a certificate of merit. The trial court also granted Sulik leave to designate Jordan as a responsible third party.

Over a month after being named as a defendant, Jordan filed a motion to dismiss on the grounds that Wells had failed to timely file a certificate of merit. After a non-evidentiary hearing, the trial court denied Jordan's motion to dismiss. The order stated that the trial court found "by a preponderance of the credible evidence," that "[d]ue to the third-party action filed in this cause, it was reasonable

2

to grant an extension of time for the filing of a Certificate of Merit . . . ." Jordan appealed from the order denying the motion to dismiss.

## Analysis

### I. Appellate jurisdiction

In her brief, Wells asserts that this court lacks jurisdiction over this case because Jordan's notice of appeal was not timely filed. An appeal of an order denying a motion to dismiss for lack of a certificate of merit under Chapter 150 is an accelerated, interlocutory appeal. TEX. CIV. PRAC. & REM. CODE § 150.002(f); TEX. R. APP. P. 28.1(a). The notice of appeal was due 20 days after the court's order denying the motion to dismiss, TEX. R. APP. P. 26.1(b), 28.1(a), and Jordan concedes it was eight days late. However, a motion for extension of time is implied when a notice of appeal is filed within 15 days of its due date. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (regular appeal); *In re M.A.*, 222 S.W.3d 670, 670 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (accelerated appeal); *see also* TEX. R. APP. P. 26.3, 28.1(a). Jordan's counsel filed in this court a sworn affidavit explaining that he "miscalculated the date necessary to file the notice of appeal." We deem this a sufficient explanation for the late filing, and we conclude that we have jurisdiction over this appeal.

## II.    Denial of motion to dismiss

On appeal, Jordan contends that the trial court erred by denying its motion to dismiss. More specifically, Jordan argues that the statute permits an extension of time for filing a certificate of merit only in a narrow circumstance which is not presented here. Therefore, Jordan asserts that the court erred by concluding that an extension of time was reasonable.

Wells argues that the court properly denied the motion to dismiss because Jordan did not comply with Rule of Civil Procedure 91a, a rule governing the dismissal of baseless causes of action. Wells also argues that notwithstanding Supreme Court authority to the contrary, the trial court had discretion to grant an extension of time to file the certificate of merit because the circumstances in this case were novel. Finally, Wells argues that Chapter 150 did not apply to her claims because although she asserted "professional negligence" claims against Jordan, an architectural firm, "her intention was to assert the same sort of negligence claims she had previously asserted . . . negligence and negligence per se for failing to provide a ventilation system."

We review a trial court's order granting or denying a Chapter 150 motion to dismiss for abuse of discretion. *See CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without

4

reference to any guiding rules and principles. *Id.* at 342–43; *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). To the extent we are required to interpret a statute, that aspect of our review is performed de novo. *CBM Eng'rs*, 403 S.W.3d at 343.

### A.      Applicability of Chapter 150

In arguing for affirmance, Wells asserts that the requirements of Chapter 150 do not apply in this case. A plaintiff suing for damages "arising out of the provision of professional services by a licensed or registered professional" must "file with the complaint" a certificate of merit. TEX. CIV. PRAC. & REM. CODE § 150.002(a). "[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.).

In her second amended petition, Wells alleged a "cause of action for professional negligence" against Jordan. In particular, she alleged that Jordan and its codefendants "violated the duty of care it owed . . . to exercise that degree of care, skill, supervision, and diligence ordinarily possessed and used by other members of the profession in good standing under the same or similar circumstances." She further alleged that Jordan "was negligent in failing to clearly and properly build" the building in which Wells had worked. Wells argues that despite the plain language in her petition alleging a cause of action for professional

5

negligence, "her intention was to assert the same sort of negligence claims she had previously asserted . . . negligence and negligence per se for failing to provide a ventilation system."

To determine whether a cause of action against an architectural firm is "for damages arising out of the provision of professional services," we compare the allegations in the petition to the definition of the practice of architecture in section 1051.001 of the Texas Occupations Code. *See* TEX. CIV. PRAC. & REM. CODE § 150.001(2); *CBM Eng'rs*, 403 S.W.3d at 343; *see also* TEX. OCC. CODE § 1051.001(7). We do not consider a plaintiff's intention that was not expressed in the petition. Wells filed a cause of action against Jordan for damages arising out of the design and construction of the building, which falls within the practice of architecture. *See* TEX. CIV. PRAC. & REM. CODE § 150.001(2); TEX. OCC. CODE § 1051.001(7); *CBM Eng'rs*, 403 S.W.3d at 343. We reject Wells's argument and hold that the certificate of merit requirement applied in this case.

### B.   Application of Chapter 150

Wells did not file a certificate of merit contemporaneously with her second amended petition, which added the cause of action against Jordan, alleging professional malpractice. Instead, she first filed a certificate of merit pertaining to Jordan's actions 73 days after she filed her second amended petition. Jordan and

6

Wells dispute whether the certificate of merit was timely filed in compliance with an exception provided by Chapter 150.

The consequence for failing to file a certificate of merit within the time established by the statute is dismissal of the plaintiff's complaint. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e); *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 812 (Tex. App.—Houston [1st Dist.] 2011, no pet.). However, the statute provides an exception to the requirement that a certificate of merit be filed with the petition. Subsection (c) states:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

TEX. CIV. PRAC. & REM. CODE § 150.002(c).

The Supreme Court has held that the final sentence of subsection (c), which gives the trial court discretion to extend the time for filing a certificate of merit "for good cause" and as "justice requires," is limited by the earlier language in subsection (c). *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014). In *Crosstex*, the petitioner advocated for a broad good-cause exception, but the Supreme Court called that "untenable," explaining that such a

7

broad provision "would swallow the narrow near-limitations exception," by permitting a plaintiff to assert "good cause claims independently of when it filed the suit and without necessity of alleging the basis for delay." *Id.* Thus, the Court held that the "good cause" exception contained in the last sentence of subsection (c) "does not stand alone, but rather is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit." *Id.* "A plaintiff who files suit outside the ten-day window . . . cannot claim protection of the good cause exception." *Id.*

Because the parties agree that the certificate of merit was not filed with the second amended petition, and was instead filed more than 30 days later, we must determine if the near-limitations, good-cause exception to the contemporaneous filing requirement applies.

We first consider whether Wells filed suit against Jordan within ten days of the expiration of the limitations period. If she did not, then she cannot "claim protection of the good cause exception." *Id.* The statute of limitations for professional negligence is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. In general, a cause of action accrues when the allegedly wrongful act causes an injury. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). Wells alleged that she worked for Sulik from 2006 until 2011. She filed suit on April 14, 2011. She

8

did not specify the last date of her employment with Sulik. However, assuming April 14, 2011—or even December 31, 2011—as the last date of her employment, her claims against Jordan ordinarily would have been barred by limitations at the time she asserted them over two years later, in April 2014. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. However, at the time that Wells initially filed suit in this case, subsection 33.004(e) of the Civil Practice & Remedies Code permitted the revival of claims otherwise barred by limitations in certain circumstances:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM. CODE § 33.004(e) (repealed); *see Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 864 (Tex. 2009). This provision was repealed in 2011, but it is applicable to this case. *See* Act of May 25, 2011, 82nd Leg., R.S. ch. 203, § 5.02, 2011 Tex. Gen. Laws 759.

Jordan was designated as a responsible third party on June 24, 2014. Under section 33.004(e), Wells had until August 25, 2014 to join Jordan as a defendant. Wells filed her second amended petition on June 19, more than ten days before the expiration of time to file suit as provided by former section 33.004(e). Thus because Wells filed her claim against Jordan outside the ten-day window, she therefore cannot claim protection of the near-limitations, good-cause exception

9

provided by section 150.002(c). *See* TEX. CIV. PRAC. & REM. CODE § 150.002(c); *Crosstex Energy Servs.*, 430 S.W.3d at 391.

Wells argues that the Supreme Court of Texas was "incorrect" in deciding *Crosstex*. However, "as an intermediate appellate court, we are constrained to apply the holdings of our superior courts, when applicable." *Ginsburg v. Chernoff/Silver & Assocs., Inc.*, 137 S.W.3d 231, 237 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Wells further argues that this case is distinguishable from *Crosstex* because the designation of responsible third parties extended the time in which she could file suit against Jordan and because she was unable to obtain a certificate of merit not because of the time constraints but due to a pending sale of the property. These two facts do not make this case legally distinguishable from *Crosstex*. In both this case and *Crosstex*, the claims against the professional defendant were filed more than ten days before the end of the relevant period of limitation. *See Crosstex Energy Servs.*, 430 S.W.3d at 391. And the fact that Wells offered a reason other than time constraints for failing to obtain a certificate of merit shows that she was unable to satisfy the statutory requirement, not that the statutory requirement did not apply to her. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(c).

## C.    Inapplicability of Rule 91a

Finally, we address Wells's contention that the court correctly denied the motion to dismiss because Jordan did not comply with Texas Rule of Civil Procedure 91a, which provides for dismissal of baseless causes of action. Failure to timely file a certificate of merit under Chapter 150 prompts an independent procedure for dismissal of claims against a licensed or registered professional. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e) (failure to file certificate of merit "shall result in dismissal of the complaint against the defendant"); *Carter & Burgess*, 355 S.W.3d at 812. We reject the suggestion that the separate procedure of Rule 91a applies in this circumstance.

## Conclusion

Wells did not timely file a certificate of merit as to Jordan, nor did she satisfy the requirements for the near-limitations, good-cause exception. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(c). We hold that the trial court erred by denying Jordan's motion to dismiss Wells's claims. We reverse the judgment of the trial court and remand for entry of judgment dismissing Wells's claims.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

11