

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00439-CV

_____

HALFF ASSOCIATES, INC., Appellant

V.

JACOB & MARTIN, LLC, Appellee

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV23-2017

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

This is an interlocutory appeal from the trial court's dismissal of Halff Associates, Inc.'s (Halff) third-party action for contribution or indemnity against Jacob & Martin, LLC (JM) pursuant to Texas Civil Practice and Remedies Code Section 150.002 because of Halff's failure to file a compliant certificate of merit. Because we hold that Halff complied, albeit marginally, with the requirements of Section 150.002(b), we reverse the trial court's judgment and remand the case for further proceedings.

## I.    Background

The City of Willow Park (City) sued Halff, a professional engineering firm, contending that Halff had prepared an opinion of construction costs (OPCC) to enable the City to secure funding from the Texas Water Development Board Revolving Fund in connection with the construction of a municipal water facility project, sometimes referred to as the Fort Worth Wholesale Water Project. The City alleged that Halff prepared a Project Budget based on its OPCC of $13,770,000 (Project Budget) and submitted it to the Texas Water Development Board (Board) with the City's loan application. The Project Budget provided that the Project would cost $13,770,000, and the loan application that Halff prepared and submitted to the Board on the City's behalf sought $13,770,000 to finance the Project. On or about August 13, 2019, the Board approved the application and loaned the City approximately $13,770,000 for the Project. Allegedly, the actual cost to complete the

Project exceeded $13,770,000 by millions of dollars. Because of the significant shortfall in funding obtained for the Project at a favorable interest rate, the City allegedly was required to secure additional funding at a higher interest rate to cover the shortfall. Additionally, other costs and expenses were allegedly incurred by the City that could have been avoided had the costs of the Project been properly estimated. The City alleged that Halff was negligent in its project cost estimation and budget submission resulting in the City's incurring unnecessary costs to complete the Project. The City attached a certificate-of-merit affidavit from Vinio Floris, a licensed professional engineer, to its original petition.

Halff answered the City's petition with a general denial and several affirmative defenses and a counterclaim against the City for breach of contract. Halff also filed a third-party petition against JM, a professional engineering firm, seeking statutory contribution under Chapter 33 of the Texas Civil Practice and Remedies Code or common law indemnity from JM in the event that Halff was found to be liable to the City. Halff attached the Floris certificate and also the affidavit-certificate of merit of its own engineer expert, Joseph W. Norris, P.E., to its third-party petition.

JM answered Halff's third-party petition subject to filing a motion to dismiss Halff's claims pursuant to Texas Civil Practice and Remedies Code Section 150.002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002. JM's motion to dismiss sought to dismiss Halff's third-party claim for failing to attach a "sufficient" certificate of merit. JM contended that Norris's certificate did not set forth specifically JM's "negligence, if

3

any, or other action, error[,] or omission" nor the "factual basis" for each of Halff's claims. *See id.* § 150.002(b).

Halff responded to JM's motion to dismiss. Halff noted that it had denied the City's allegations of liability against it and that its claims for contribution or indemnity against JM were derivative in nature and contingent on the City's prevailing against it. To establish the nature of the City's claims against it, Halff attached Floris's certificate of merit to its third-party petition. To support its third-party claim against JM, it attached Norris's certificate of merit. Halff argued that Floris's certificate was quite detailed in its description of the facts and alleged errors of Halff in the preparation of the cost estimations for the Project. Floris's certificate thus served as a factual basis for the claims being made against Halff that Halff was seeking to attribute to JM, in whole or in part, by means of its claims for contribution or indemnity.

Because Floris's certificate did not mention JM, Halff attached Norris's certificate to support its claims against JM. Norris's certificate described the numerous documents he had reviewed in preparing his certificate. He pointed out that JM was involved in the preparation of the estimated construction costs that were being critiqued by the City in its original petition. Norris also stated that JM was responsible for submitting the estimated construction costs to the Board to apply for the very project funding that the City is alleging to be insufficient in this case. Norris further stated that JM sealed the Engineering Feasibility Report, which included the criticized estimated construction costs, to seek and obtain funding from the Board for the

4

Project. Halff argued that this act alone (applying an engineer's seal to a report containing the estimated construction costs) demonstrates JM's responsibility for the estimated construction costs that are critiqued in the City's claim against Halff in this lawsuit.[1] Finally, Norris's certificate also said:

> The [City]'s criticisms in the Original Petition relate to estimated construction costs that were submitted to the TWDB by [JM], and resultant funding obtained from the TWDB that was allegedly insufficient. The [City]'s criticisms, and the claim asserted by Plaintiff in the lawsuit against [Halff] implicate the acts or omissions of, and are at least in part the responsibility of[ JM].

JM filed a reply, which continued to contend that Norris's report lacked the specificity required by the statute. The court signed an order on September 9, 2024, granting JM's motion to dismiss Halff's third-party claims without prejudice and ordering same.

---

[1] *See* 22 Tex. Admin. Code Ann. § 137.33. That section provides:

(a) The purpose of the engineer's seal is to assure the user of the engineering product that the work has been performed or directly supervised by the professional engineer named and to delineate the scope of the engineer's work.

(b) License holders shall only seal work done by them, performed under their direct supervision as defined in §[ ]131.2 of this title, relating to Definitions, or shall be standards or general guideline specifications that they have reviewed and selected. Upon sealing, engineers take full professional responsibility for that work.

*Id.*

5

## II. Standards of Review

A trial court's order granting a Chapter 150 motion to dismiss is immediately appealable as an interlocutory order. *Id.* § 150.002(f). We review an order granting a Chapter 150 motion to dismiss under an abuse-of-discretion standard. *FAI Eng'rs, Inc. v. Logan*, No. 02-20-00255-CV, 2020 WL 7252315, at *3 (Tex. App.—Fort Worth Dec. 10, 2020, no pet.) (mem. op.) (citing *TDIndus., Inc. v. My Three Sons, Ltd.*, No. 05-13-00861-CV, 2014 WL 1022453 (Tex. App.—Dallas Feb. 14, 2014, no pet.)). An abuse of discretion occurs when the trial court acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Id.* "[B]ecause courts have no 'discretion' in determining what the law is or applying the law to the facts, an 'abuse of discretion' includes a misinterpretation or misapplication of the law." *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 500 (Tex. App.—Austin 2012, pet. denied) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 598 n.102 (Tex. 2008)); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). We review de novo the trial court's construction and application of a statute, attempting to give effect to the legislature's intent by looking at the plain and common meaning of the words the legislature used unless a contrary intention is apparent from context, or unless such a construction leads to absurd results. *H.W. Lochner, Inc. v. Rainbo Club, Inc.*, No. 12-17-00253-CV, 2018 WL 2112238, at *2 (Tex. App.—Tyler May 8, 2018, no pet.) (mem. op.); *M-E Eng'rs, Inc.*, 365 S.W.3d at 500.

### III. Legal Principles

The pertinent provisions of Section 150.002 provide:

(a) Except as provided by Subsection (i), in any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, a *claimant* shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor . . . .

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

. . . .

(e) A *claimant's* failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (emphasis added).[2]

The purpose of a certificate of merit under Section 150.002 "is to provide a basis for the trial court to determine merely that the [claimant's] claims are not frivolous" so the claimant may "proceed in the ordinary course to the next stages of litigation." *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 346 (Tex.

---

[2]"'Claimant' means a party, including a plaintiff or *third-party plaintiff, seeking recovery for damages, contribution, or indemnification*." Tex. Civ. Prac. & Rem. Code Ann. § 150.001(1-a) (emphasis added).

App.—Houston [1st Dist.] 2013, pet. denied) (op. on reh'g); *see T & T Eng'g Servs., Inc. v. Danks*, No. 01-21-00139-CV, 2022 WL 3588718, at *3 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, pet. denied) (mem. op.) (citing *CBM Eng'rs, Inc.*, 403 S.W.3d at 346).[3] The threshold for compliance with the certificate-of-merit requirement is low. As noted by the Supreme Court, "Chapter 150 requires *only* that a similarly licensed professional, knowledgeable of the defendant's area of practice, *provide a sworn written statement certifying that the defendant's professional actions or omissions were negligent or otherwise erroneous and the factual basis for such claims.*" *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 897 (Tex. 2017) (emphasis added).

The certificate is not required to address the elements of the asserted theories or causes of action. *Id.* at 896. And, the plaintiff is not required to marshal its evidence at the certificate-of-merit stage of litigation. *CBM Eng'rs, Inc.*, 403 S.W.3d at 346; *see T & T Eng'g Servs., Inc.*, 2022 WL 3588718, at *3 (citing *CBM Eng'rs, Inc.*, 403 S.W.3d at 346). A certificate of merit is not defective because statements in it are conclusory or do not comply with the rules of evidence. *Jaster-Quintanilla & Assocs. v. Prouty*, 549 S.W.3d 183, 192–93 (Tex. App.—Austin 2018, no pet.); *Siemens Energy, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 14-13-00863-CV, 2014 WL 2531577, at *5 (Tex. App.—Houston [14th Dist.] June 3, 2014, pet. denied) (mem. op.); *Durivage v. La Alhambra Condo. Ass'n*, No. 13-11-00324-CV, 2011 WL 6747384, at *2–3 (Tex. App.—

---

[3]The term "certificate of merit" is derived from the title of Section 150.002, "Certificate of Merit." Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

Corpus Christi–Edinburg Dec. 21, 2011, pet. dism'd) (mem. op.). Similarly, a certificate of merit is not required to recite the applicable standard of care or how the standard of care was allegedly breached in order to provide an adequate factual basis for the identification of professional errors. *Couchman v. Cardona*, 471 S.W.3d 20, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also Melden & Hunt*, 520 S.W.3d at 897. Rather, the claimant must "get an affidavit from a third-party expert attesting to the defendant's professional errors or omissions and their factual basis." *Melden & Hunt*, 520 S.W.3d at 896; *T & T Eng'g Servs. Inc.*, 2022 WL 3588718, at \*2–3. Finally, the certificate of merit need not address the causal connection between the professional errors or omissions and the claimed damages. *Jaster-Quintanilla & Assocs.*, 549 S.W.3d at 191. The trial court must determine whether the certificate of merit sufficiently demonstrates that the plaintiff's complaint is not frivolous. *Melden & Hunt*, 520 S.W.3d at 896; *T & T Eng'g Servs. Inc.*, 2022 WL 3588718, at \* 3.

## IV. Analysis

Halff's sole issue is whether the trial court abused its discretion by granting JM's motion to dismiss and dismissing Halff's third-party claims for contribution and indemnity against JM. We will sustain Halff's issue.

In this case there is no question about either Floris's or Norris's professional qualifications to author their certificates of merit. Additionally, both certificates set forth in detail the documents and information that each used in preparing their certificates.

9

Halff's position that its claims for statutory contribution and common law indemnity are derivative claims is correct. *See Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 387 (Tex. App.—Dallas 2007, pet. dism'd) ("[I]n other words, contribution and indemnity are not independent claims but are 'derivative' of the plaintiff's claim against each co-liable party."). As a result, the use of Floris's certificate to set out the City's claims against Halff was an appropriate starting point because it was that liability to the City that Halff was seeking to pass on to JM should Halff be found liable to the City. But, because Floris's certificate never mentioned JM, it was then incumbent on Halff to bring forward a certificate that set out JM's "negligence, if any, or other action, error, or omission" and the factual basis supporting that conclusion. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b).

Norris's certificate did that in rudimentary terms. Among other things, he reviewed an "Estimate of Probable Construction Costs" and the "Engineering Feasibility Report" prepared by JM and sealed by its Project Engineer, Derek Turner, P.E. He also reviewed multiple other documents that he described as relating to this Project. Norris stated that, based on his review of those documents, JM was involved in the preparation and submission of estimated construction costs for the Project; that JM was tasked with submitting the Project Information Form, with estimated construction costs, and with applying to the Board for the funding; and that JM prepared and sealed an Engineering Feasibility Report that included estimated construction costs associated with the funding sought and obtained for the Project.

10

Norris concluded by stating that the City's criticisms in its original petition relate to estimated construction costs submitted to the Board by JM with the resultant funding from the Board being allegedly insufficient, and the criticisms and claim asserted by the City against Halff "implicate the acts or omissions of, and are at least in part the responsibility of, [JM]."

Reduced to its simplest terms, Norris's certificate sets out the error of JM—that it prepared and submitted erroneous cost calculations for the Project; that those erroneous calculations were submitted to the Board for funding for the Project, which calculations were utilized by the Board resulting in insufficient funding; and that this error is included, to some amount, in the recovery sought by the City from Halff. Norris supports these conclusions with his observations from the identified documents, although he does not describe the actual entries in the documents from which he gleaned this information.

We hold that this is sufficient, albeit minimally, to satisfy the requirements of Section 150.002(b) based on the nature of the allegations made, i.e., derivative and conditional claims for contribution or indemnity. As noted above, it is not necessary to set forth the standards of care or how they were breached in preparing a certificate of merit. Likewise, certificates are not insufficient because they are stated in conclusory terms. From the City's original petition and Floris's certificate, the court could ascertain that the City was alleging that Halff had submitted cost estimates for the Project that were inadequate, resulting in an application for insufficient funds to

11

complete the Project, resulting in excess costs to the City. From Norris's certificate, the court could ascertain that there were documents that purportedly demonstrated that JM was part of the cost estimation and submission process and that JM's cost estimations were, to some degree, responsible for the shortfall in the cost estimation problem. While Halff would obviously have been better served by a certificate with greater specificity regarding what JM's cost projections were and how they fit into the alleged shortfall, the bar to surviving a motion to dismiss under Chapter 150 has been set very low. The information contained in the two certificates here was sufficient, given the derivative and conditional nature of the claims, to determine that Halff's claims were not frivolous. We therefore sustain Halff's sole issue.

## V.     Conclusion

Having sustained Halff's sole issue, we reverse the trial court's judgment and remand the case for further proceedings.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  May 29, 2025

12